UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                                                    \*
**WAYNE R. GOLD**, Regional Director of             \*
The Fifth Region of the National Labor              \*
Relations Board, for and on behalf of the           \*
**NATIONAL LABOR RELATIONS BOARD**                   \*
                                                    \*
         103 S. Gay Street, 8th Floor               \*
         Baltimore, MD 21202                        \*
                                                    \*
              **Petitioner,**                        \*
                                                    \*
         v.                                         \*       **CIVIL No.**
                                                    \*
**DAYCON PRODUCTS COMPANY, INC.**                    \*
                                                    \*
         John Poole, President                      \*
         Daycon Products Company, Inc.              \*
         16001 Trade Zone Avenue                    \*
         Upper Marlboro, MD 20774                   \*
                                                    \*
              **Respondent.**                        \*
                                                    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PETITION FOR INTERIM RELIEF UNDER SECTION 10(j)
OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED**

To the Honorable Judges of the United States District Court for the District of Maryland:

Wayne R. Gold, Regional Director of Region Five of the National Labor Relations Board (herein called Petitioner or the Board) petitions this Court for and on behalf of the Board pursuant to Section 10(j) of the National Labor Relations Act, as amended (61 Stat. 149; 73 Stat. 544; 29 U.S.C. Sec. 160(j), herein, the Act) for appropriate injunctive relief pending the final disposition of the matter involved herein and pending before the Board on an unfair labor practice charge alleging that Daycon Products Company, Inc. (herein called Respondent) has engaged in, and is engaging in, acts and conduct in violation of Sections 8(a)(1), (3), and (5) of the Act (29 U.S.C. 158(a)(1), (3), and (5)).

The facts of this case, as summarized in this Petition and the accompanying Memorandum of Points and Authorities in Support of this Petition, involve a straightforward scenario of unlawful conduct by Respondent which has effectively deprived employees of their statutory rights under the Act. While Respondent was still bargaining with its employees' chosen collective-bargaining representative, Drivers, Chauffeurs and Helpers Local Union No. 639, affiliated with the International Brotherhood of Teamsters (herein called the Union), Respondent unlawfully and unilaterally decided to change its employees' terms and conditions of employment. Consequently, Respondent's employees represented by the Union exercised their legal right to strike the following workday, in protest of Respondent's unlawful change to their terms and conditions of employment. After nearly eleven weeks, Respondent's employees, through the Union, offered to end their strike and unconditionally return to work on July 6, 2010. On that date and at all times subsequent, Respondent has refused to allow all of these employees to return to their jobs. Rather, Respondent has only allowed individual employees to return to work when, according to Respondent, positions became available.

Petitioner has alleged in an administrative Complaint, and will demonstrate likelihood of success on the merits, that Respondent: (1) in violation of Sections 8(a)(1) and (5) of the Act, unilaterally implemented changes to employees' terms and conditions of employment without first bargaining with the Union to a good-faith impasse; and (2) in violation of Sections 8(a)(1), (3) and (5) of the Act, failed and refused to reinstate striking employees to their former or substantially equivalent positions of employment, after their collective-bargaining representative unconditionally offered for them to return to work.  A hearing on the merits of the allegations in the Complaint was held on November 17-22, 2010, before an administrative law judge of the Board.  In the interim, Respondent continues to maintain the unilaterally-implemented changes to employees' terms and conditions of employment alleged to have violated the Act, and Respondent also continues to fail and refuse to reinstate the employees to their former or substantially equivalent positions of employment, likewise alleged to violate the Act.

Accordingly, Petitioner shows that injunctive relief is just and proper: to prevent Respondent's alleged violations from irreparably eroding employee support for the Union; to preserve the Union's ability to bargain effectively on behalf of the employees it represents; to prevent the employees from losing the benefits of good-faith bargaining pending the Board's decision; and to prevent the final Board order in this Case from being meaningless.

In support of the request for injunctive relief, Petitioner respectfully shows the following:

1. Petitioner is the Regional Director of Region Five of the Board, an administrative agency of the United States, and files this petition for and on behalf of the Board.

2. The Court has jurisdiction of this matter under Section 10(j) of the Act.  Jurisdiction is based on a matter of federal question under 28 U.S.C. § 1331.

3.      (a) On April 1, 2010, under the provisions of the Act, the Union filed an unfair labor practice charge with the Board, alleging in Case 5-CA-35687 that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1) and 8(a)(5) of the Act.  A copy of this charge was served by mail on Respondent on April 2, 2010.  *Exhibit A at GC Exhibit 1(A).*

         (b) The unfair labor practice charge described in paragraph 3(a) was referred to Petitioner, as the Regional Director of Region Five of the Board, whose office is located in Baltimore, Maryland.

4.      (a) On April 27, 2010, under the provisions of the Act, the Union filed an unfair labor practice charge with the Board, alleging in Case 5-CA-35738 that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1) and 8(a)(5) of the Act.  A copy of this charge was served by mail on Respondent on April 29, 2010.  *Exhibit A at GC Exhibit 1(C).*

         (b) The unfair labor practice charge described in paragraph 4(a) was referred to Petitioner, as the Regional Director of Region Five of the Board, whose office is located in Baltimore, Maryland.

5.      (a) On July 14, 2010, under the provisions of the Act, the Union filed an unfair labor practice charge with the Board, alleging in Case 5-CA-35965 that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1), 8(a)(3), and 8(a)(5) of the Act.  A copy of this charge was served by mail on Respondent on July 15, 2010.  *Exhibit A at GC Exhibit 1(E).*

(b)  The unfair labor practice charge described in paragraph 5(a) was referred to Petitioner, as the Regional Director of Region Five of the Board, whose office is located in Baltimore, Maryland.

6.  (a)  On July 26, 2010, under the provisions of the Act, the Union filed an unfair labor practice charge with the Board, alleging in Case 5-CA-35994 that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1) and 8(a)(5) of the Act.  A copy of this charge was served by mail on Respondent on July 27, 2010.  *Exhibit A at GC Exhibit 1(G).*

(b)  The unfair labor practice charge described in paragraph 6(a) was referred to Petitioner, as the Regional Director of Region Five of the Board, whose office is located in Baltimore, Maryland.

7.  (a)  On July 30, 2010, based upon the unfair labor practice charge described above in paragraph 4(a), the Acting General Counsel of the Board, on behalf of the Board, by the Petitioner, as the Regional Director of Region Five of the Board, issued a Complaint and Notice of Hearing under Section 10(b) of the Act, alleging in Case 5-CA-35738 that Respondent has engaged in, and is engaging in, unfair labor practices as charged within the meaning of Sections 8(a)(1) and 8(a)(5) of the Act.  *Exhibit A at GC Exhibit 1(I).*

(b)  On August 13, 2010, Respondent filed an Answer to the Complaint.  *Exhibit A at GC Exhibit 1(L).*

8.  (a)  On August 31, 2010, based upon the unfair labor practice charges described above in paragraphs 3(a), 4(a), and 6(a), the Acting General Counsel of the Board, on behalf of the Board, by the Petitioner, as the Regional Director of Region Five of the Board, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing under Section 10(b)

of the Act, alleging in Cases 5-CA-35687 and 5-CA-35738 that Respondent has engaged in, and is engaging in, unfair labor practices as charged within the meaning of Sections 8(a)(1) and 8(a)(5) of the Act. *Exhibit A at GC Exhibit 1(M).*

(b)   On September 14, 2010, Respondent filed an Answer to the Consolidated Complaint. *Exhibit A at GC Exhibit 1(O).*

.9.   (a)   On September 28, 2010, based upon the unfair labor practice charge described above in paragraphs 3(a), 4(a), 5(a), and 6(a), the Acting General Counsel of the Board, on behalf of the Board, by the Petitioner, as the Regional Director of Region Five of the Board, issued an Order Consolidating Cases, Second Consolidated Complaint and Notice of Hearing under Section 10(b) of the Act, alleging in Cases 5-CA-35687, 5-CA-35738, 5-CA-35965, and 5-CA-35994 that Respondent has engaged in, and is engaging in, unfair labor practices as charged within the meaning of Sections 8(a)(1) and 8(a)(5) of the Act. *Exhibit A at GC Exhibit 1(P).*

(b)   On October 12, 2010, Respondent filed an Answer to the Amended Consolidated Complaint. *Exhibit A at GC Exhibit 1(R).*

10.   (a)   On November 17, 2010, based upon the unfair labor practice charge described above in paragraphs 3(a), 4(a), 5(a), and 6(a), Counsel for the Acting General Counsel of the Board, on behalf of the Board, by the Petitioner, as the Regional Director of Region Five of the Board, amended the Second Consolidated Complaint, alleging in Cases 5-CA-35687, 5-CA-35738, 5-CA-35965, and 5-CA-35994 that Respondent has engaged in, and is engaging in, unfair labor practices as charged within the meaning of Sections 8(a)(1), 8(a)(3), and 8(a)(5) of the Act. *Exhibit A at Transcript 9-13.*

(b)   On November 17, 2010, Respondent amended its Answer to the Amended Second Consolidated Complaint. *Exhibit A at Transcript 13-16.*

11.     A hearing was held on November 17-22, 2010, before an Administrative Law Judge of the Board, concerning the allegations in the Second Amended Complaint described above in paragraphs 3(a), 4(a), 5(a), and 6(a).

12.  Based upon the evidence introduced into the administrative record during the hearing described in above in paragraph 10, Petitioner establishes a likelihood of success on the merits of the allegations pled in the Second Consolidated Complaint that Respondent has committed serious violations of Sections 8(a)(1), 8(a)(3), and 8(a)(5) which require the remedy sought herein.  More particularly, Petitioner alleges:

(a)  Respondent is a District of Columbia Corporation that maintains an office and place of business in Upper Marlboro, Maryland, within this judicial district.  Respondent is engaged in the manufacture and distribution of janitorial, maintenance and hardware supplies. During the preceding twelve months, a representative period, in conducting its business operations, Respondent derived gross revenues in excess of $500,000, and sold and shipped from its Upper Marlboro, Maryland facility goods valued in excess of $50,000 directly to points located outside the State of Maryland.

(b)  Respondent is now, and at all material times has been, an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

(c)  The Union is an unincorporated association in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment and other terms and conditions of employment.

(d)  The Union is now, and at all material times has been, a labor organization within the meaning of Section 2(5) of the Act.

(e)  At all material times herein, the following individuals have held the positions set forth opposite their respective names, and are now, or have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| Joe Giusto | - | Vice-President of Manufacturing |
| Jodie Kendall | - | Human Resources Director |
| Bo Nottage | - | Driver Supervisor |
| John Poole | - | President |
| Two Unnamed Agents | - | Counsel for Respondent |

(f)  The following employees of Respondent, herein called the Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All drivers, warehousemen, chemical compounders, utility employees, and repairmen of the Company employed at its 16001 Trade Zone Avenue, Upper Marlboro, MD 20774 location; but excluding office clerical employees, salesmen, professional employees, guards, supervisors, and all other employees.

(g)  At all material times herein, the Union has been the designated exclusive, collective-bargaining representative of the Unit and, during such time, the Union has been recognized as such representative by the employer.  This recognition has been embodied in successive collective-bargaining agreements, the most recent of which was effective by its terms from March 3, 2007 to January 31, 2010.

(h)  At all material times, based on Section 9(a) of the Act, the Union has been the exclusive, collective-bargaining representative of the Unit.

7

13.  Beginning in November 2009, the parties met on numerous occasions for the purpose of negotiating a successor collective-bargaining agreement.  During this time, the parties bargained over a number of issues, the most significant of which was employees' wages.  While the parties were still bargaining, Respondent declared impasse on April 22.  The following day, Respondent implemented the terms of its final offer, including a wage increase. The Union immediately objected that the parties were at impasse.  On April 26, the Union initiated an unfair labor practice strike. On July 2, the Union unconditionally offered for the employees to return to work on July 6.  On that date, Respondent did not permit all of its employees to return to work. Since that time, although the parties have continued to bargain, Respondent refuses to rescind the unilateral changes it implemented as part of its final contract offer.  Respondent's unlawful conduct has already had a negative impact on employees' support for the Union.

As a result, Respondent has trampled employee free choice, and thwarted the good-faith bargaining efforts of the employees' chosen collective-bargaining representative.  Absent interim injunctive relief ordering Respondent to recognize and bargain in good faith with the Union, rescind, upon request, its unilateral changes to its employees' terms and conditions of employment, and reinstate its employees to their positions or substantially equivalent positions, Respondent's unfair labor practices will chill employees' Section 7 rights and cause former strikers to scatter, impede employees' free choice of the Union as collective-bargaining representative, cause the loss of benefits of good-faith bargaining, force irreparable loss of support for the Union and prevent the Board's remedial power.

14.  Petitioner establishes a likelihood of success on the merits that Respondent, through the supervisors and agents named above in paragraph 8(e), acting on Respondent's behalf, engaged in a course of conduct designed to: interfere with, restrain and coerce its employees in

the exercise of their rights guaranteed in Section 7 of the Act to form, join or assist labor organizations; and fail and refuse to bargain collectively and in good faith with the Union, the collective-bargaining representative of its employees, with respect to wages, hours, and other terms and conditions of employment.  More specifically, and in support of this request for injunctive relief, Petitioner submits the following:

15.    (a)  At various times during the months of November 2009 through April 2010, Respondent and the Union met for the purposes of negotiating a successor collective-bargaining agreement to the agreement described above in paragraph 11(g), dealing with the terms and conditions of employment of the Unit.

(b)  On or about April 23, 2010, Respondent implemented its last bargaining offer.

(c)  Respondent engaged in the conduct described above in paragraph 15(b) without first bargaining with the Union to a good-faith impasse.

(d)  The effects on the Unit of Respondent's decision, described above in paragraph 15(b), relate to the wages, hours, and other terms and conditions of employment of the Unit and are mandatory subjects for the purposes of collective bargaining.

(e)  Since on or about July 23, 2010, Respondent has failed and refused to rescind the unilateral changes described above in paragraphs 15(b) and 15(c).

16.    (a)  Since on or about April 26, 2010, certain employees of Respondent, represented by the Union, engaged in a strike.

(b)  The strike described above in paragraph 16(a) was caused by Respondent's unfair labor practices described above in paragraphs 15(b) through (c) and was prolonged by the unfair labor practices of Respondent described below in paragraph 16(d).

(c)  On or about July 2, 2010, the Union, on behalf of the Unit, made an unconditional offer for the employees to return to their former positions of employment.

(d)   Since on or about July 6, 2010, Respondent has failed and refused to reinstate the employees to their former or substantially equivalent positions of employment.

17.  By the conduct described above in paragraphs 15 and 16, and all subparagraphs contained therein, Respondent has been interfering with, restraining and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

18.  By the conduct described above in paragraphs 15 and 16, and all subparagraphs contained therein, Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive, collective-bargaining representative of its employees within the meaning of Section 8(d) of the Act in violation of Section 8(a)(1) and (5) of the Act.

19.  By the conduct described above in paragraph 16, and all subparagraphs contained therein, Respondent has been discriminating in regard to the hire or tenure or terms and conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Sections 8(a)(1) and (3) of the Act.

20.  The unfair labor practices of Respondent described above in paragraphs 15 and 16, and all subparagraphs contained therein, affect commerce within the meaning of Section 2(6) and (7) of the Act.

21.  The unfair labor practices of Respondent described above in paragraphs 9 through 16 have taken place within this judicial district.

22.  There is no adequate remedy at law for the irreparable harm being caused by Respondent's unfair labor practices, as described above in paragraphs 9 through 16.

23. Petitioner submits that, based on the conduct pending before the Board in Cases 5-CA-35738, 5-CA-35965, and 5-CA-35994, it may fairly be anticipated that unless Respondent is immediately enjoined and restrained, Respondent will continue to engage in those acts and conduct, or similar acts and conduct, constituting unfair labor practices in violation of Sections 8(a)(1), (3) and (5) of the Act, and will continue to: (1) interfere with, restrain and coerce employees in the exercise of the rights guaranteed in Section 7 of the Act; (2) fail and refuse to bargain collectively and in good faith with the exclusive collective-bargaining representative of its employees within the meaning of Section 8(d) of the Act; and (3) discriminate in regard to the hire or tenure or terms and conditions of employment of its employees, thereby discouraging membership in a labor organization.

24. Petitioner submits that such violations of the Act, if they are not enjoined immediately, will deprive employees of the benefits of collective bargaining that lie at the heart of the Act and will lead inevitably to the erosion of employee support for the Union as the employees' collective-bargaining representative.  In this regard, a Board order that issues months in the future, after the administrative proceeding has fully run its course, will be ineffective to prevent the irreparable harm occurring now to employees' Section 7 rights.  The interim relief sought in this proceeding, namely, an order from this Court enjoining Respondent's conduct, offering the unfair labor practice strikers reinstatement to their former jobs or substantially equivalent positions, rescinding, upon request, Respondent's unilateral changes to employees' terms and conditions of employment, and requiring that Respondent, upon request, bargain collectively and in good faith with the Union immediately, will prevent any further loss of support and is far superior to a Board order that may issue months from now, when employee

support for the union may be completely extinguished as a result of Respondent's flagrant and unremedied unfair labor practices.

25. Granting the temporary injunctive relief requested by Petitioner will cause no undue hardship to Respondent because Respondent will merely be required to do what it is already legally obligated to do, to cease and desist from committing unfair labor practices and to bargain in good faith with the exclusive collective-bargaining representative of its employees before implementing any changes in wages, hours, or other terms and conditions of employment of unit employees. Injunctive relief would merely require Respondent to: (a) offer interim reinstatement to the unfair labor practice strikers; (b) rescind, at the Union's request, its unilateral changes to employees' terms and conditions of employment; and (c) to bargain in good faith with the Union, and post the District Court's order. Petitioner's likelihood of success on the merits is demonstrated through the evidence introduced into the administrative record at the hearing described above in paragraph 11.

26. Finally, there is a strong public interest in preserving the efficacy of the Board's final Order. Without injunctive relief, the Board's final order and any subsequent United States Court of Appeals decree may fail to effectively remedy the violations of the Act present here. During the interim, Respondent will have continued with its unilateral implementation of changes to the terms and conditions of employment to such an extent that employees will become accustomed to the new terms and conditions of employment, the employees will continue to be unable to return to their jobs, and the employees will foreseeably lose confidence in the ability of the Union to effectively represent them and will abandon their support for the Union.

27. In balancing the equities in this matter, the foreseeable irreparable injury to employees, the Union, and the Board's ability to effectively remedy violation of the Act, along

with the strong public interest in preserving employees' Section 7 rights to freely select their collective-bargaining representative and to have that representative bargain on their behalf, far outweighs any harm that injunctive relief might cause to Respondent.

28.   To avoid the serious consequences described above, it is essential, appropriate, and just and proper for the purposes of effectuating the policies of the Act and avoiding substantial, irreparable and immediate injury to such policies, to the employees and the union involved, and to the public interest, and in accordance with the purposes of Section 10(j) of the Act, that pending the final disposition of Cases 5-CA-35687, 5-CA-35738, 5-CA-35965, and 5-CA-35994, Respondent be enjoined and restrained as prayed below:

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays:

1.   That the Court issue an order directing Respondent promptly to file an answer to the allegations of this petition and to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why an injunction should not issue enjoining and restraining Respondent, its officers, agents, representatives, employees, attorneys, and all persons acting in concert or participation with them, pending the final disposition of the matters involved herein, pending before the Board, cease and desist from:

(a)   Refusing to bargain in good faith with the Union as the exclusive collective-bargaining representative of the employees in the following unit:

> All drivers, warehousemen, chemical compounders, utility employees, and repairmen of the Company employed at its 16001 Trade Zone Avenue, Upper Marlboro, MD 20774 location; but excluding office clerical employees, salesmen, professional employees, guards, supervisors, and all other employees.

(b)  Discriminating against unfair labor practice strikers by failing and refusing to reinstate them immediately to their former positions on their unconditional offer to return to work made on July 2, 2010;

(c)  Unilaterally implementing terms and conditions of employment without first bargaining with the Union to a good-faith impasse;

(d)  In any like or related manner interfering with, restraining or coercing its employees in the exercise of their Section 7 rights.

2.  That the Court further order that Respondent take the following affirmative action:

(a)  Upon request, to meet and bargain in good faith with the Union as the exclusive collective-bargaining representative of the unit employees concerning wages, hours, and other terms and conditions of employment and if an agreement is reached to reduce it to writing and to sign it;

(b)  To rescind on request of the Union, any or all of, the unilateral changes implemented on April 23, 2010;

(c)  Within five days from the date of the District Court's Order, offer all unfair labor practice strikers, in writing, immediate and full interim reinstatement to their former jobs, or if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed;

(d)  To post copies of the District Court's Order at Respondent's Upper Marlboro, Maryland location at all locations where Respondent's notices to employees are customarily posted.  Said postings shall be maintained during the pendency of the Board's proceedings free from all obstructions and defacements, and agents of the

14

Regional Director of Region 5 of the Board shall be granted reasonable access to

Respondent's Upper Marlboro, Maryland facility to monitor compliance with this posting

requirement, and;

(e)  Within twenty (20) days of the issuance of this order, to serve upon the

District Court, and to submit a copy to the Regional Director of Region 5 of the Board, a

sworn affidavit from a responsible Respondent official describing with specificity the

manner in which the Respondent has complied and will continue to comply with the

terms of this decree, including the location of the document to be posted under the terms

of this decree.

Dated at Baltimore, Maryland, this 17th day of December 2010.

Respectfully submitted,

Wayne R. Gold
Wayne R. Gold, Petitioner
Regional Director
National Labor Relations Board, Region 5
103 S. Gay Street, 8th Floor
Baltimore, MD 21202
410-962-2737  Office
410-962-2198  Fax
Wayne.Gold@nlrb.gov

Albert W. Palewicz (MD Trial Bar #01666)
Regional Attorney
National Labor Relations Board, Region 5
103 S. Gay Street, 8th Floor
Baltimore, MD 21202
410-962-2811  Office
410-962-2198  Fax
albert.palewicz@nlrb.gov

Sean R. Marshall (Bar # 29418)
Attorney for Petitioner
National Labor Relations Board, Region 5
103 S. Gay Street, 8th Floor
Baltimore, MD 21202
410-962-2785  Office
410-962-2198  Fax
sean.marshall@nlrb.gov