UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

```
**********************************************
                                             *
WAYNE R. GOLD, Regional Director of          *
The Fifth Region of the National Labor       *
Relations Board, for and on behalf of the    *
NATIONAL LABOR RELATIONS BOARD               *
                                             *
     103 S. Gay Street, 8th Floor            *
     Baltimore, MD 21202                      *
                                             *
              Petitioner,                     *
                                             *
     v.                                       *     CIVIL No.
                                             *
DAYCON PRODUCTS COMPANY, INC.                 *
                                             *
     John Poole, President                    *
     Daycon Products Company, Inc.            *
     16001 Trade Zone Avenue                  *
     Upper Marlboro, MD 20774                 *
                                             *
              Respondent.                     *
                                             *
**********************************************
```

## ORDER GRANTING PRELIMINARY INJUNCTION

This cause came to be heard upon the verified petition of Wayne R. Gold, Regional

Director for the Fifth Region of the National Labor Relations Board (the Board), for a

preliminary injunction pursuant to Section 10(j) of the National Labor Relations Act (the Act), as

amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. Sec. 160(j)], pending the final disposition of the

matters pending before the Board, and upon issuance of an order to show cause why injunctive

relief should not be granted as prayed for in said petition.  The Court, upon consideration of the

pleadings, evidence, briefs, and arguments of counsel, has made and filed its findings of fact and

conclusions of law finding and concluding that it is just and proper to believe that Respondent

has engaged in, and is engaging in, acts and conduct in violation of Sections 8(a)(1), (3), and (5)

of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act, and that

such acts and conduct will likely be repeated or continued unless enjoined.

Now, therefore, upon the entire record, it is

ORDERED, ADJUDGED, AND DECREED, pending final disposition of the matters

involved pending before the Board:

1.   That Respondent, Daycon Products Company, Inc., be and the same hereby is, enjoined
and restrained from:

(a)  Refusing to bargain in good faith with the Union as the exclusive collective-

bargaining representative of the employees in the following unit:

All drivers, warehousemen, chemical compounders, utility employees, and
repairmen of the Company employed at its 16001 Trade Zone Avenue, Upper Marlboro, MD
20774 location; but excluding office clerical employees, salesmen, professional employees,
guards, supervisors, and all other employees.;

(b)      Discriminating against unfair labor practice strikers by failing and refusing to

reinstate them immediately to their former positions on their unconditional offer to return to

work made on July 2, 2010;

(c)      Unilaterally implementing terms and conditions of employment without first

bargaining with the Union to a good-faith impasse; and

(d)      in any like or related manner interfering with, restraining, or coercing its

employees in the exercise of their Section 7 rights.

2.   That Respondent, Daycon Products Company, Inc., take the following affirmative

actions:

(a)      Upon request, meet and bargain in good faith with the Union as the exclusive

collective-bargaining representative of the unit employees concerning wages, hours, and

other terms and conditions of employment and if an agreement is reached to reduce it to

writing and to sign it;

(b)  Rescind on request of the Union any or all of the unilateral changes implemented on

April 23, 2009;

(c)  Within five days from the date of the district court's order, offer all unfair labor

practice strikers, in writing, immediate and full interim reinstatement to their former jobs, or

if those jobs no longer exist, to substantially equivalent positions, without prejudice to their

seniority or any other rights or privileges previously enjoyed;

(d)  post copies of the District Court's Order at Respondent's Upper Marlboro, Maryland

location at all locations where Respondent's notices to employees are customarily posted.

Said postings shall be maintained during the pendency of the Board's proceedings free from

all obstructions and defacements, and agents of the Regional Director of Region 5 of the

Board shall be granted reasonable access to Respondent's Upper Marlboro, Maryland facility

to monitor compliance with this posting requirement, and; and

(e)  Within twenty (20) days of the issuance of this order, to serve upon the District

Court, and to submit a copy to the Regional Director of Region 5 of the Board, a sworn

affidavit from a responsible Respondent official describing with specificity the manner in

which Respondent has complied and will continue to comply with the terms of this decree,

including the location of the document to be posted under the terms of this decree.

3.  That the United States Marshals take all actions deemed necessary to enforce the
    provisions and prohibitions set forth in this Order.

4.  This case shall remain on the docket of this Court and on compliance by Respondent with
    its obligations hereto, and upon disposition of the matters pending before the Board, the
    Petitioner shall cause this proceeding to be dismissed.


Dated at Greenbelt, Maryland, this _____ day of _____, 2011.


                                        _____

                                        United States District Judge