## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

————————————————x

WAYNE R. GOLD, Regional Director of the   :
Fifth Region of the National Labor Relations   :
Board, for and on behalf of the National Labor   :
Relations Board,   :
   :
               Petitioner,   :
   :    **No.:  10-CV-3540 (DKC)**
*vs.*   :
   :
DAYCON PRODUCTS COMPANY, INC.,   :
   :
               Respondent.   :

————————————————x

## ANSWER

Respondent Daycon Products, Inc. ("Daycon"), by its attorneys, Epstein Becker & Green, P.C., answers the Petition for Temporary Injunction Under Section 10(j) of the National Labor Relations Act, as amended ("Petition") as follows:

1.      Respondent admits the allegations contained in Paragraph 1 of the Petition.

2.      Respondent admits that the Court possesses jurisdiction over matters of this type, but denies that Respondent engaged in any wrongful conduct or unfair labor practices giving rise to any proper claims by Petitioner.

3(a).      Respondent upon information and belief admits the allegations in Paragraph 3(a) of the Petition.

3(b).      Respondent upon information and belief admits the allegations in Paragraph 3(b) of the Petition.

4(a).    Respondent upon information and belief admits the allegations in Paragraph 4(a) of the Petition.

4(b).    Respondent upon information and belief admits the allegations in Paragraph 4(b) of the Petition.

5(a).    Respondent upon information and belief admits the allegations in Paragraph 5(a) of the Petition.

5(b).    Respondent upon information and belief admits the allegations in Paragraph 5(b) of the Petition.

6(a).    Respondent upon information and belief admits the allegations in Paragraph 6(a) of the Petition.

6(b).    Respondent upon information and belief admits the allegations in Paragraph 6(b) of the Petition.

7(a).    Respondent admits the allegations contained in Paragraph 7(a) of the Petition.

7(b).    Respondent admits the allegations contained in Paragraph 7(b) of the Petition.

8(a).    Respondent admits the allegations contained in Paragraph 8(a) of the Petition.

8(b).    Respondent admits the allegations contained in Paragraph 8(b) of the Petition.

9(a).    Respondent admits the allegations contained in Paragraph 9(a) of the Petition.

9(b).    Respondent admits the allegations contained in Paragraph 9(b) of the Petition.

10(a).   Respondent admits the allegations contained in Paragraph 10(a) of the Petition.

10(b).   Respondent admits the allegations contained in Paragraph 10(b) of the Petition.

11.     Respondent admits the allegations contained in Paragraph 11 of the Petition.

12.     Respondent denies the allegations contained in Paragraph 12 of the Petition.

12(a).   Respondent admits the allegations contained in Paragraph 12(a) of the Petition.

12(b).   As to the allegations in paragraph 12(b) of the Petition, Respondent responds that

paragraph 12(b) of the Petition fails to define the phrase "(A)t all material times" as that phrase is used in paragraph 12(b) or elsewhere in the Petition, and further responds that at all times since the filing of the unfair labor practices charges described in Paragraphs 3(a), 4(a), 5(a), and 6(a,) Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

12(c).  Respondent admits the allegations contained in Paragraph 12(c) of the Petition.

12(d).  As to the allegations in paragraph 12(d) of the Petition, Respondent responds that paragraph 12(d) of the Petition fails to define the phrase "(A)t all material times" as that phrase is used in paragraph 12(d) or elsewhere in the Petition and further responds that at all times since the filing of the unfair labor practices charges described in Paragraphs 3(a), 4(a), 5(a), and 6(a,) the Union has been a labor organization within the meaning of Section 2(5) of the Act.

12(e).  As to the allegations in paragraph 12(e) of the Petition, Respondent responds that paragraph 12(e) of the Petition fails to define the phrase "(A)t all material times" as that phrase is used in paragraph 12(e) or elsewhere in the Petition and that for that reason it is not possible to admit or deny whether any individual identified in paragraph 12(e) of the Petition held the position set forth opposite his/her name "at all material times" and further responds that that at all times since the filing of the unfair labor practices charges described in Paragraphs 3(a), 4(a), 5(a), and 6(a) the individuals named in paragraph 12(e) of the Petition held the positions set forth opposite their names and as such were supervisors within the meaning of Section 2(11) of the Act.  As to the allegation in paragraph 12(e) of the Petition that each named individual was an "agent" of Daycon within the meaning of Section 2(13) of the Act, Respondent responds that these allegations call for legal conclusions and for that reason no answer is necessary and to the extent that any response may be necessary Respondent denies the allegation.  As to the

allegations in paragraph 12(e) of the Petition that each unnamed individual was an "agent" of Daycon within the meaning of Section 2(13) of the Act, Daycon is without sufficient information or belief to admit or deny the allegations, and to the extent that any response may be necessary Daycon denies the allegation.

12(f).   Respondent admits the allegations contained in Paragraph 12(f) of the Petition.

12(g).   As to the allegations in paragraph 12(g) of the Petition, Respondent responds that paragraph 12(g) of the Petition fails to define the phrase "(A)t all material times" as that phrase is used in paragraph 12(g) or elsewhere in the Petition and further responds that at all times since the filing of the unfair labor practices charges described in Paragraphs 3(a), 4(a), 5(a), and 6(a) the Union has been designated the exclusive collective bargaining representative of the Union, and since such time the Union has been recognized as such by Respondent, and such recognition has been embodied in successive collective bargaining agreements, the most recent of which is effective by its terms from March 3, 2007 to January 31, 2010.

12(h)   As to the allegations in paragraph 12(h) of the Petition, Respondent responds that paragraph 12(h) of the Petition fails to define the phrase "(A)t all material times" as that phrase is used in paragraph 12(h) or elsewhere in the Petition but admits that at all times since the filing of the unfair labor practices charges described in Paragraphs 3(a), 4(a), 5(a), and 6(a), the Union, based on Section 9(a) of the Act, has been the exclusive collective bargaining representative of the Unit.

13.      Respondent denies the allegations contained in Paragraph 13 of the Petition, except admits that beginning in November 2009 it met with the Union on numerous occasions for the purpose of negotiating a successor collective bargaining agreement, and that wages was the most significant issue bargained about during said negotiations, and further responds that on

April 22 it declared that negotiations over a successor collective bargaining agreement with the Union reached an impasse, and that on or about the following day it implemented the terms of its latest offer to the Union.

14.     Respondent denies the allegations contained in Paragraph 14 of the Petition.

15(a).   Respondent admits the allegations contained in Paragraph 15(a) of the Petition.

15(b).   Respondent admits the allegations contained in Paragraph 15(b) of the Petition.

15(c).   Respondent denies the allegations contained in Paragraph 15(c) of the Petition.

15(d).   Respondent admits the allegations contained in Paragraph 15(d) of the Petition.

15(e).   Respondent denies the allegations contained in Paragraph 15(e) of the Petition.

16(a).   Respondent admits the allegations contained in Paragraph 16(a) of the Petition.

16(b).   Respondent denies the allegations contained in Paragraph 16(b) of the Petition.

16(c).   Respondent denies the allegations contained in Paragraph 16(c) of the Petition.

16(d).   Respondent denies the allegations contained in Paragraph 16(d) of the Petition.

17.     Respondent denies the allegations contained in Paragraph 17 of the Petition.

18.     Respondent denies the allegations contained in Paragraph 18 of the Petition.

19.     Respondent denies the allegations contained in Paragraph 19 of the Petition.

20.     Respondent denies the allegations contained in Paragraph 20 of the Petition.

21.     Respondent denies the allegations contained in Paragraph 21 of the Petition.

22.     Respondent denies the allegations contained in Paragraph 22 of the Petition.

23.     Respondent denies the allegations contained in Paragraph 23 of the Petition.

24.     Respondent denies the allegations contained in Paragraph 24 of the Petition.

25.     Respondent denies the allegations contained in Paragraph 25 of the Petition.

26.     Respondent denies the allegations contained in Paragraph 26 of the Petition.

27.     Respondent denies the allegations contained in Paragraph 27 of the Petition.

28.     Respondent denies the allegations contained in Paragraph 28 of the Petition

29.     Any allegation of the Complaint that is not expressly admitted in this Answer is denied in its entirety.

## FIRST DEFENSE

The violations alleged by the Petitioner are neither so serious nor substantial to warrant relief under Section 10(j).

## SECOND DEFENSE

On or about April 22, 2010 collective bargaining negotiations between Respondent and the Union over the terms of a successor contract reached an impasse.  Since an impasse had been reached, on or about April 23, 2010 Respondent was permitted to implement the terms of its latest proposal to the Union, and as such Petitioner cannot establish a likelihood of success on the merits.

## THIRD DEFENSE

At all times material to this action and the allegations set forth in the Complaint, the Union has bargained in bad faith with Daycon, and by such conduct rendered collective bargaining over the terms of a successor contract an exercise in futility, and as such Petitioner cannot establish a likelihood of success on the merits.

## FOURTH DEFENSE

The offer the Union submitted on behalf of employees participating in the strike to return to work was not unconditional.

## FIFTH DEFENSE

The strike described in the Petition is an economic strike, and the Employer has a legitimate and substantial business justification for not reinstating all the employees participating in the strike.

## SIXTH DEFENSE

The entry of an interim order of reinstatement would not impact the bargaining stalemate between the Union and Respondent, and further, would disturb the status quo which existed prior to the alleged unfair labor practice regarding reinstatement occurring.

## SEVENTH DEFENSE

The entry of an interim order of reinstatement would unnecessarily interfere with the remedial powers of the Board.

## EIGHTH DEFENSE

The entry of an order of to bargain upon request from the Union would not cure any alleged wrongdoing, and further, would unnecessarily interfere with the remedial powers of the Board.

## NINTH DEFENSE

The entry of an order to rescind upon request from the Union the terms implemented would interfere with the remedial powers of the Board, and further, would impose undue hardship onto the employees.

## TENTH DEFENSE

Petitioner's request for injunctive relief should be denied because the balance of harm should the request be granted heavily favors the Respondent.

## **ELEVENTH DEFENSE**

Petitioner's request for injunctive relief should be denied because of Petitioner's long delay in seeking injunctive relief.

## **TWELFTH DEFENSE**

Petitioner's request for injunctive relief should be denied because granting such relief would impose undue harm upon the public interest.

WHEREFORE, Respondent respectfully requests that the Petition be dismissed in its entirety

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By:   /s/ Paul Rosenberg
     Kara Maciel
     Paul Rosenberg (*pro hac vice*)

1227 25th Street, NW.
Washington D.C., 20005
(212) 861-5327
Attorneys for Daycon Products, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date shown below, I caused true copies of the within

ANSWER on behalf of Daycon Products Company, Inc. to be served upon the following:


Hon. Wayne Gold, Regional Director
National Labor Relations Board, Region 5
103 South Gay Street, 8th Floor
Baltimore, MD 21202


Sean R. Marshall
Attorney for Petitioner
National Labor Relations Board, Region 5
103 South Gay Street, 8th Floor
Baltimore, MD 21202



      /s/ Paul Rosenberg
Paul Rosenberg

Dated:  January 4, 2011