**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| WAYNE R. GOLD, Regional Director of the Fifth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, <br><br> Petitioner, <br><br> *vs.* <br><br> DAYCON PRODUCTS COMPANY, INC., <br><br> Respondent. | No.: 10-CV-3540 (DKC) |

## OPPOSITION TO PETITIONER'S MOTION TO GRANT INTERIM RELIEF UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT ON THE BASIS OF THE ADMINISTRATIVE RECORD AND SUPPLEMENTAL EXHIBITS

An evidentiary hearing, and perhaps even discovery, is necessary to enable the Court to have sufficient information to rule on Petitioner's application for interim relief under Section 10(j) of the National Labor Relations Act ("the Petition"). The Court has the authority to conduct an evidentiary hearing on a 10(j) petition. For instance, in Moore-Duncan v. Aldworth Co., Inc., 124 F.Supp.2d 268, 274 (D.N.J. 2000), the Court granted a 10(j) injunction only after it held an evidentiary hearing at which parties were afforded full opportunity to be heard, to examine and cross-examine witnesses, to present relevant evidence and to argue the evidence and law and it also considered administrative proceedings and other evidence in the underlying record before the ALJ. See also Lightner v. Dauman Pallet, Inc., 823 F.Supp. 249, 251 (D.N.J. 1992) (district court conducted evidentiary hearing and examined administrative record); and Arlook v. S. Lichtenberg & Co., 952 F.2d 367, 371 (11th Cir. 1992) (in which the court heard live testimony from company employees and union representatives).

xxx

Judges must issue preliminary remedies with the greatest concern for the rights of the parties and the potentially devastating effect the temporary relief may have on a party.  In the instant circumstance, the Court <u>cannot</u> make an informed decision regarding whether 10(j) relief is appropriate without an evidentiary hearing   <u>Eisenberg v. Hartz Mountain Corp.</u>, (3d Cir. 1975) (An evidentiary hearing may be essential for a district court to make an informed decision on whether a preliminary injunction should be issued in a particular case).  Section 10(j) relief is appropriate only if Petitioner can establish each of the following elements:  (1) irreparable injury if relief is not granted; 2) the likelihood of success on the merits (3) the balance of harms is in Petitioner's favor; and (4) the public interest.  <u>Muffley v. Spartan Mining Co.</u>, 570 F.3d 534, 541 (4th Cir. 2009) (the traditional four-part equitable test governs whether 10(j) relief is just and proper).

Facts relevant to the foregoing analysis, particularly the Union's alleged "irreparable injury" were never introduced at the hearing before the ALJ, and are not a part of the administrative record submitted as an exhibit to the Petition.  This is implicitly, if not explicitly admitted by the fact that Petitioner has submitted two "supplemental" affidavits along with the administrative record.   The affidavits purport to support the allegations advanced by Petitioner in support of its Motion for Interim Relief Pursuant to Section 10(j).  Petitioner alleges, *inter alia*, that the Union has experienced erosion of support, that employees may scatter or fail to be available to accept employment, and the number and disposition of current strikers, to name a few issues.

Clearly, for a court to consider imposing a remedy without a full adjudication of the facts, the situation must be one in which no other alternative exists.  Here, there is no need to rush – the case has already been heard by the ALJ, and the employees walked out on strike more

than eight months ago. Given the importance of the remedies requested, fundamental fairness dictates that Respondent be allowed to present witnesses and evidence at a hearing before the Court. See Muffley v. Massey Energy Co., 2008 WL 4103881 *5 (S.D. W.Va. August 29, 2008) (because "just and proper" issue "was not part of the proceeding before the ALJ," the ALJ's opinion at best provides the court with background information); Eisenberg v. Hartz Mountain Corp., (3d Cir. 1975) (an evidentiary hearing may be essential for the court to make an informed decision whether an injunction would be in the public interest).

An evidentiary hearing would also allow this Court to assess and weigh the credibility of the claims advanced. See Barker v. Indus. Hard Chrome LTD., 2007 U.S. Dist. LEXIS 3565 at *14 (N.D. Ill. 2007)("when a hearing is held, presumably the district court is entitled to weigh the testimony and judge the credibility of the witnesses as it would in any preliminary injunction, and take those credibility determinations under advisement in conjunction with the record before it.").

Protection of Respondent's due process rights require an evidentiary hearing. Goldberg v. Kelly, 397 U.S. 254, 269 (1970) ("in almost every setting where important decisions turn on questions of fact, due process requires an opportunity to cross-examine adverse witnesses"). Any deference given to the Regional Director on issues of fact does not turn the Court into a mere rubber stamp of the Petition. Fuchs v. Hood Indus.. Inc., 471 F. Supp. 186, 188 (D. Mass. 1979). Respondent should be permitted to introduce testimony validating that the balance of harm is significantly in its favor if the Petition is granted compared to the harm (if any) imposed on the Union if the Petition is denied. See Muffley at 541 (the possible harm to the nonmoving party if relief is granted is one of the equitable factors considered to determine if 10(j) relief is just and proper). Moreover, the affidavits were sworn before agents of the National

Labor Relations Board nearly three weeks after the hearing on December 13, 2010, and more than four months after the Complaint in the underlying matter issued.  Basic principles of justice require that Respondent be allowed to cross-examine the veracity of the affidavits.  <u>Philadelphia Co. v. Securities & Exchange Commission</u>, 175 F.2d 808 (DC Cir. 1949) (It is elementary in our system of law that adjudicatory action cannot be taken except upon a hearing permitting each party to hear the evidence introduced against him, to cross-examine witnesses, to introduce evidence in his own behalf, and to make argument) (emphasis added); <u>Schauffler v. Highway Truck Drivers & Helpers</u>, 196 F.Supp. 471 (E.D. Pa. 1960).   Accordingly, an evidentiary hearing is essential to preserve Respondent's due process rights.

## **CONCLUSION**

For the reasons stated above, Petitioner's Motion to grant 10(j) relief on the basis of the administrative record and supplemental affidavits should be DENIED.

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By: /s/ Paul Rosenberg

Kara Maciel
Paul Rosenberg (*pro hac vice*)

1227 25th Street, NW.
Washington D.C., 20005
(212) 861-5327
Attorneys for Daycon Products, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date shown below, I caused true copies of the within OPPOSITION TO MOTION TO GRANT INTERIM RELIEF ON BASIS OF ADMINISTRATIVE RECORD on behalf of Daycon Products Company, Inc. to be served upon the following:

                                                    ___/s/ Paul Rosenberg_____
                                                    Paul Rosenberg

Dated: January 4, 2011